Per Curiam.

The question here presented is whether, under the provisions of the second paragraph of Section 3311.23, Revised Code, the signers of a petition filed under authority of that section have a right to withdraw their signatures from the *262 petition before official action on the petition is taken by a county board of education.
At common law tlie signers of a transfer petition can withdraw their signatures at any time before official action is taken on the petition. State, ex rel. Kahle, v. Rupert, Aud., 99 Ohio St., 17, 122 N. E., 39; Lynn v. Supple, Clerk, ante, 154.
The second paragraph of Section 3311.23, Revised Code, provides in part: ‘ ‘ For a period of ten days after such hearing the petitioners who signed the original petition which was filed with the county board of education pursuant to this section may request that their names be.removed from such petition.”
Relators contend that the common-law right of a petitioner to withdraw his signature from a transfer petition prior to any action taken thereon by a county board of education was abrogated by the General Assembly in the enactment of the above-, quoted provision of the statute.
This court is not in accord with that contention. The hearing referred to in the quoted provision is a hearing before the State Board of Education. The statute is silent as to the right of signers to withdraw their signatures prior to a hearing by the state board.
This court is of the opinion that the General Assembly, in the enactment of the above-quoted provision, did not intend to abrogate the common-law rule, but intended only to grant an additional right to a signer by extending the time within which he may withdraw his signature.
The judgment of the Court of Appeals overruling the demurrer to the answer and dismissing the petition is affirmed.

Judgment affirmed.

WetgaNdt, C. J., Zimmerman-, Stewart, Bell, Taet and Matthias,.JJ., concur.